UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WANDA DENISE MIRANDA,

                Plaintiff,

vs.                                                  Case No.  3:05-cv-1245-J-33HTS

ARAMARK EDUCATIONAL SERVICES,

                Defendant.

_____/

## ORDER

      This cause comes before the Court pursuant to Aramark's Corrected Motion to Dismiss (Doc. #31), filed on April 2, 2007, and Aramark's Motion to Dismiss for Failure to Prosecute (Doc. #38), filed on June 21, 2007.  Plaintiff has not filed a response.  For the reasons stated below, the motions are denied.

**I.**        **Corrected Motion to Dismiss**

      Aramark moves to dismiss Miranda's Amended Complaint for failure to state a claim upon which relief can be granted.  Miranda filed her Amended Complaint (Doc. #6) on December 22, 2005, alleging a claim for sexual harassment in violation of Title VII.  Aramark contends that Miranda has failed to state a claim because Miranda failed to plead that she had exhausted her administrative remedies.  Title VII requires that a plaintiff exhaust her administrative remedies as a prerequisite to filing a lawsuit.  42 U.S.C. §2000e-5 (2006).  A plaintiff must show that she has filed a timely charge with the EEOC, but Aramark has failed to persuade the Court that this is a pleading requirement.  The Court cannot find support for the proposition that a plaintiff is required to allege in her complaint that she has exhausted her administrative remedies.  The thrust of

Aramark's argument seems to be that Miranda has not pleaded exhaustion of her administrative remedies. This may be true, but the Court will not dismiss for failure to plead satisfaction of a requirement that Aramark knows was satisfied, at least without citation to authority mandating that satisfaction be pleaded.

Aramark also argues that the Amended Complaint fails to state a claim because Miranda has "neither pled nor provided any factual support whatsoever to support that she was subjected to unwelcome sexual harassment or that the alleged harassment was sufficiently severe and pervasive." (Doc. #31 at 8.) Aramark states, correctly, that two elements required to prove a claim of sexual harassment under Title VII are that the plaintiff was subject to unwelcome sexual harassment and that it "was sufficiently severe or pervasive to alter the terms and conditions" of her employment. Hulsey v. Pride Rests., LLC, 397 F.3d 1238, 1244 (11th Cir. 2004). But these elements are part of the evidentiary standard for establishing a prima facie case. To survive a motion to dismiss, "a complaint must simply provide a 'short and plain statement of the claim' and give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Romanelli v. W. & S. Life Ins. Co., No. 3:06-cv-819-J-32HTS, 2007 U.S. Dist. LEXIS 30823, at *8 (M.D. Fla. Apr. 26, 2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511-12 (2002)); accord Fed. R. Civ. P. 8(a). While Miranda's Amended Complaint may not be a "model of clarity," the Court find that it does meet the requirements of Rule 8(a) and gives fair notice to Aramark of Miranda's claim.[1]

---

[1] Aramark also argued that the Amended Complaint should be dismissed for Miranda's failure to file proof of service or file a joint case management report. Proof of service (Doc. #18) was filed on February 7, 2007. The Case Management Report (Doc. #35) was filed on April 23, 2007. Therefore, these claims are moot.

## II.        Motion to Dismiss for Failure to Prosecute

Aramark has also moved to dismiss this case for failure to prosecute under Rules 41(b) and 37, Federal Rules of Civil Procedure.  The parties' joint Case Management Report states that the parties agreed to serve their mandatory initial disclosures by May 14, 2007.  (Doc. #35 at 1.) Aramark states that, as of the date of its Motion to Dismiss, it had not received Miranda's mandatory initial disclosures.  Aramark submits that its counsel has made several unsuccessful attempts to contact Miranda to resolve this issue.  Thus, Aramark contends this is evidence that Miranda refuses to participate in this case and an immediate dismissal is warranted.  The Court disagrees.

Dismissal under Rule 41(b) or Rule 37 is a harsh sanction, one that should be left as a last resort.  To support dismissal under Rule 37, there must be a showing of bad faith or willful resistance to discovery orders.  Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1556 (11th Cir.1986). Similarly, a dismissal under Rule 41(b) should only be granted "'in the face of a clear record of delay of contumacious conduct by the plaintiff.'" McKelvey v. AT & T Techs., Inc., 789 F.2d 1518, 1520 (11th Cir. 1986).  This sanction is only proper where lesser sanctions will not suffice.  Id.  The Court does not view Miranda's conduct as that of bad faith or willful resistance to discovery orders. No discovery order has been entered in this case.  The parties are directed to meet the agreed upon terms and time limits set forth in their Case Management Report, as stated in the Court's Case Management and Scheduling Order.  (Doc. #37.)  The parties agreed to submit their initial disclosures by May 14, 2007.  Miranda is obligated to follow the case management schedule as agreed upon.  Thus, Miranda must submit her initial disclosure within thirty days of this order.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

1)      Aramark's Corrected Motion to Dismiss (Doc. #31) is **DENIED**.

2)      Aramark's Motion to Dismiss for Failure to Prosecute (Doc. #38) is **DENIED**.

3)      Miranda is directed to submit her Mandatory Initial Disclosures to Aramark within

thirty days of the date of this order.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this <u>18th</u> day of July, 2007.


VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel of Record
All Pro Se Parties

– 4 –